# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO XAVIER CARBAJAL, JR., <br><br> Petitioner, <br><br> v. <br><br> RALPH DIAZ, <br><br> Respondent. | Case No. 1:19-cv-01628-DAD-EPG-HC <br><br> FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS |

Petitioner Francisco Xavier Carbajal, Jr. is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. As Petitioner cannot bring a federal habeas petition directed solely at his expired 1992 conviction and given that Petitioner previously sought federal habeas relief with respect to his current enhanced sentence, the undersigned recommends dismissal of the petition.

## I.

## BACKGROUND

On November 15, 2019, Petitioner filed the instant federal petition for writ of habeas corpus. Therein, Petitioner states that he is challenging his 1992 conviction in the Merced County Superior Court for a violation of California Penal Code section 4573.5. Petitioner's sentence was six months. (ECF No. 1 at 1).[1] Petitioner asserts the following claims for relief: (1)

---

[1] Page numbers refer to ECF page numbers stamped at the top of the page.

1

the trial court deprived Petitioner of due process by accepting a plea that was not made intelligently and by allowing Petitioner to plead no contest to the wrong penal code section; (2) the trial court failed to ascertain a factual basis for the negotiated plea; and (3) ineffective assistance of counsel for failing to advise Petitioner of all the elements of the offense and for allowing Petitioner to plead no contest to the wrong penal code section and thus disregarding a defense based on insufficient evidence. (ECF No. 1 at 4, 6).

## II.

## DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rule") requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

**A. Expired Conviction**

Here, the petition lists "the judgment of conviction you are challenging" as a 1992 Merced County Superior Court conviction for a violation of California Penal Code section 4573.5. The length of the sentence was six months. (ECF No. 1 at 1). As Petitioner has fully served the sentence imposed pursuant to this 1992 conviction, (ECF No. 1 at 11), Petitioner "cannot bring a federal habeas petition directed solely at [that] conviction[]," Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394, 401 (2001).

However, Petitioner notes that his 1992 conviction is being used to enhance the period of incarceration of his current conviction[2] and thus, the validity of the 1992 conviction warrants examination because the "state court has not reached the merits of Petitioner's claims [because] counsel did not carefully investigate all factual and legal defenses available to Petitioner." (ECF No. 1 at 11–12). Accordingly, the Court will construe the petition as challenging his current sentence that has been enhanced by the allegedly invalid prior 1992 conviction. See Bernhardt v.

---

[2] Attached to the petition is a Merced County Superior Court order, dated March 19, 2019, denying Petitioner's state habeas corpus petition. (ECF No. 1 at 14–17). Therein, the Merced County Superior Court notes that Petitioner "is serving an 8-year and 8-month sentence in Merced County case 14CR-00743, which is a 2015 conviction for violations of Penal Code sections 664/262(a), 273.5(a) with great bodily injury, and 29800(a)(1)." (ECF No. 1 at 14).

2

Los Angeles County, 339 F.3d 920, 925 (9th Cir. 2003) (courts have a duty to construe *pro se* pleadings and motions liberally).

In Lackawanna County, the Supreme Court held that if a state conviction "no longer open to direct or collateral attack in its own right . . . is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained." 532 U.S. at 404. However, the Supreme Court "recognize[d] an exception to the general rule for § 2254 petitions that challenge an enhanced sentence on the basis that the prior conviction used to enhance the sentence was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment, as set forth in *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963)." Lackawanna County, 532 U.S. at 404. The Ninth Circuit has recognized another exception to this general rule, holding that "when a defendant cannot be faulted for failing to obtain timely review of a constitutional challenge to an expired prior conviction, and that conviction is used to enhance his sentence for a later offense, he may challenge the enhanced sentence under § 2254 on the ground that the prior conviction was unconstitutionally obtained." Dubrin v. People of California, 720 F.3d 1095, 1099 (9th Cir. 2013).

Even if one of these exceptions applies, however, Petitioner still must satisfy the procedural prerequisites for relief under 28 U.S.C. § 2254. See Lackawanna County, 532 U.S. at 404 ("As with any § 2254 petition, the petitioner must satisfy the procedural prerequisites for relief including, for example, exhaustion of remedies."); Dubrin, 720 F.3d at 1099 ("Under this exception to *Lackawanna County*'s general rule, Dubrin may challenge the constitutional validity of his [expired prior] conviction, provided he has satisfied the procedural prerequisites for obtaining relief under § 2254."). As set forth below, Petitioner cannot satisfy the procedural prerequisites for relief under § 2254 because Petitioner previously sought federal habeas relief in this Court with respect to his current conviction and sentence that was enhanced by his expired 1992 conviction.

///

///

**B. Unauthorized Successive Petition**

A federal court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). The court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that (1) the claim rests on a new, retroactive, constitutional right, or (2) the factual basis of the claim was not previously discoverable through due diligence, and these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)–(B). However, it is not the district court that decides whether a second or successive petition meets these requirements.

Section 2244(b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." In other words, a petitioner must obtain leave from the Ninth Circuit before he can file a second or successive petition in district court. See Felker v. Turpin, 518 U.S. 651, 656–57 (1996). This Court must dismiss any second or successive petition unless the Court of Appeals has given a petitioner leave to file the petition because a district court lacks subject-matter jurisdiction over a second or successive petition. Burton v. Stewart, 549 U.S. 147, 157 (2007).

Here, Petitioner previously sought federal habeas relief in this Court with respect to his current 2015 Merced County Superior Court convictions. See Carbajal v. Kernan, No. 1:17-cv-01413-SKO (denied on the merits); Carbajal v. Diaz, No. 1:19-cv-00956-LJO-SKO (dismissed as successive).[3] Therefore, to the extent that Petitioner challenges his current sentence that was enhanced by his expired 1992 conviction, the Court finds that the instant petition is "second or successive" under 28 U.S.C. § 2244(b).

As Petitioner already filed a federal habeas petition regarding his 2015 Merced County Superior Court convictions and sentence, Petitioner cannot file another petition in this Court regarding the same convictions and sentence without first obtaining permission from the United

---

[3] The Court may take judicial notice of its own records in other cases. United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

States Court of Appeals for the Ninth Circuit. Here, Petitioner makes no showing that he has obtained prior leave from the Ninth Circuit to file this successive petition. Therefore, this Court has no jurisdiction to consider Petitioner's renewed application for relief under 28 U.S.C. § 2254 and must dismiss the petition. See Burton, 549 U.S. at 157.

## III.

## RECOMMENDATION

Accordingly, the undersigned HEREBY RECOMMENDS that that the petition for writ of habeas corpus be DISMISSED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **December 10, 2019**        /s/ Erica P. Grosjean
                                    UNITED STATES MAGISTRATE JUDGE