UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO XAVIER CARBAJAL, JR.,<br><br>Petitioner,<br><br>v.<br><br>RALPH DIAZ,<br><br>Respondent. | No. 1:19-cv-01628-DAD-EPG (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATION, DENYING PETITION FOR WRIT OF HABEAS CORPUS, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>(Doc. No. 7) |

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter was referred to the magistrate judge pursuant to 28 U.S.C. § 636(b)(1).

On December 11, 2019, the assigned magistrate judge issued findings and recommendation recommending that the petition be denied. (Doc. No. 7.) Specifically, the magistrate judge concluded that (1) petitioner cannot bring a petition directed solely at an expired conviction and (2) petitioner previously sought and was denied federal habeas relief with respect to his current sentence. (Doc. No. 7.) The findings and recommendations were served on petitioner and contained notice that any objections were to be filed within thirty (30) days of the date of service of that order. On January 2, 2020, petitioner filed timely objections. (Doc. No. 8.)
/////

1

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including petitioner's objections, the court holds the findings and recommendation to be supported by the record and proper analysis.

In his objections, petitioner claims that he is not challenging his 1992 judgment of conviction entered in the Merced County Superior Court in Case No. 17225. Rather, petitioner contends he is challenging his 1997 judgment of conviction entered in the Merced County Superior Court in Case No. 20873. (Doc. No. 8 at 1.) The petition filed in this federal habeas action, however, clearly asserts that petitioner is challenging his 1992 conviction for violating California Penal Code § 4573.5 which was entered in Merced County Superior Court Case No. 17225 and in which plaintiff received a six-month sentence. (*See* Doc. No. 1 at 1.) Moreover, even if the pending petition did seek to challenging his 1997 conviction, petitioner is not entitled to federal habeas relief. In his objections petitioner states that he was sentenced to a two year term of imprisonment in connection with his 1997 conviction. (Doc. No. 8 at 8.) Petitioner has fully served the sentence imposed on his 1997 conviction, and he "cannot bring a federal habeas petition directed solely at [that] conviction[.]" *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 401 (2001). To the extent petitioner is arguing that the sentence he is currently serving was improperly enhanced as a result of his 1997 prior conviction which he now contends was improperly obtained, petitioner cannot satisfy the procedural prerequisites for relief under § 2254. As noted in the findings and recommendation, petitioner previously sought federal habeas relief in this court with respect to his current conviction and sentence, and thus, a challenge to his current sentence would be a "second or successive" one under 28 U.S.C. § 2244(b). Petitioner has not sought or obtained leave from the Ninth Circuit Court of Appeals to proceed with a second or successive petition. See 28 U.S.C. § 2254(b)(3)(A).

Having found that petitioner is not entitled to habeas relief, the court now turns to whether a certificate of appealability should issue. A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); 28 U.S.C.

§ 2253. Where, as here, the court denies habeas relief on procedural grounds without reaching the underlying constitutional claims, the court should issue a certificate of appealability if "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). In the present case, the court finds that reasonable jurists would not find the court's determination that the petition should be denied to be debatable or wrong, or that petitioner should be allowed to proceed further.

Accordingly:

1. The findings and recommendation issued on December 11, 2019 (Doc. No. 7) are adopted;
2. The petition for writ of habeas corpus is denied;
3. The Clerk of Court is directed to close the case; and
4. The court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: **February 24, 2020**

                                                UNITED STATES DISTRICT JUDGE